### KEYS v. THE WINNSBORO GRANITE CO.

1. APPLIANCES—JURY—NEGLIGENCE.—Where there is a failure of one of two appliances and one of them is known to be defective, there is ground for the jury to draw a reasonable inference that it was the defective appliance that caused the injury.

2. MASTER AND SERVANT—IBID.—IBID.—Where a servant in charge of certain work buys appliances only through the superintendent, and upon complaint of defect in certain appliances and request for better, is assured by the superintendent that they are safe and instructed to use them, it is for jury to say if he was guilty of negligence in using them.

3. MASTER AND SERVANT—APPLIANCES.—The master is required to furnish only reasonably safe and suitable appliances, and it is not in general the duty of the servant to ascertain if the appliances are such, but a servant cannot recover for injury resulting from defective appliances when it was his duty to keep the appliances in repair.

4. CHARGE.—Failure to analyze and connect the numerous requests of opposing counsel on same subject and to indicate in logical sequence how they modify each other, is not ground for reversal.

5. IBID.—It is not error to fail to repeat an instruction in different words.

6. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE.—Where an injury is caused to a servant through his negligence in attention to appliances under his care, he is guilty of contributory negligence, and cannot recover therefor of the master.

BEFORE WATTS, J., Fairfield, September term, 1904. Reversed.

Action by J. C. Keys against The Winnsboro Granite Co. From judgment for plaintiff, defendant appeals on the following exceptions:

"I. Because his Honor erred in refusing defendant's motion for a nonsuit on the ground that there was no evidence showing negligence on the part of the defendant company, causing or being the proximate cause of the injury complained of by plaintiff. And because he did not hold that there was no evidence to show that the clamps or clips furnished by defendant (which plaintiff had testified were unsuitable) were the cause of the plaintiff's injury, and order a nonsuit.

"II. Because his Honor, in his general charge, charged the jury as follows: 'It was the duty of the defendant company, if the plaintiff was in their employment, if they put him to doing any work, to furnish him with ordinarily reasonably safe and suitable appliances to do that work with, and to keep that machinery and appliances necessary to do any work they put him to doing, in reasonably safe and suitable repair,' and then stating that if the defendant company failed in these duties the plaintiff would be entitled to damages. We submit the above was error and not the law of this case, where the testimony showed that the plaintiff himself was in charge of the machinery and appliances and it was his duty to keep the same in repair, and it was also his duty to purchase supplies for the machinery department under the superintendent.

"III. Because his Honor erred in charging plaintiff's first request as follows: 'The rule is well settled that it is the duty of the master to furnish safe and suitable appliances for the performance of the work required of the servant, and also to see that same are kept in proper repair; and hence, where either of these duties have not been performed, there is an omission of duty on the part of the master, which affords at least *prima facie* evidence of negligence on the part of the master; for these duties cannot be delegated to another so as relieve the master from liability to another for

injuries sustained by reason of a failure to perform them properly.' The error in the above charge being, First: In making it the unqualified duty of the master to furnish safe machinery and appliances and to keep the same in repair, without reference to reasonable care; secondly: In excluding from the jury the consideration of the plaintiff's duty under his contract herein to purchase the supplies for the machinery department and to keep all machinery in repair; and third; In holding that the master was practically liable to the plaintiff, whose duty it was under his contract to purchase machinery and keep all machinery in repair, for his own negligence, in the performance of what he had contracted to do.

"IV. Because his Honor erred in charging the plaintiff's second, third and fourth requests to charge, as the same are set out in the case, the error being that said requests are wholly inapplicable to the case at bar, wherein it was admitted that the plaintiff himself was in charge of all the machinery in question, and it was his duty to keep the same in repair.

"V. Because his Honor erred in failing or refusing to charge the defendant's fourth request as follows: '4th. The master is not bound to change his machinery in order to apply every new invention or supposed improvement in appliances. He may even use a machine or appliance shown to be less safe than another in general use, without being liable to his servant for the use of it.'

"VI. Because his Honor erred in failing to charge defendant's seventh request without qualification, and in nullifying said seventh request with a statement wholly inconsistent with it. Said request and statement being as follows: '7th. Where from the nature of his employment and the duties of the servant in regard to the machinery and appliances, he has equally as good means of knowing the defects and dangers of the machinery as the master, and is under the same obligation to discover them as the master, and he continues to use them, then he assumes the risk of the

use of such machinery and appliances, and he cannot recover for injuries received in their use.' 'I charge you that with this addition: That it is the duty of the master to furnish reasonably safe and suitable appliances for the servant to do work with, and to keep these reasonably safe and in reasonably good repair; and the servant has the right to assume that the master has done his duty in furnishing him reasonably safe and suitable appliances and keeping them in reasonably safe and suitable repair.'

"VII. Because his Honor erred in charging the jury at plaintiff's request as follows: 'Contributory negligence is not a defense to the master's duty to furnish safe appliances.'"

*Mr. A. G. Brice,* for appellant, cites: *Servant must show negligence of master:* 21 S. C., 466; 38 S. C., 282; 39 S. C., 39; 1 Sher. & Red. on Neg., secs. 57, 222. *Servant must see if machinery entrusted to him is in good repair:* 20 Ency., 142; 61 S. C., 491; 41 S. C., 388. *Master is only required to use safe machinery, not the newest:* 20 Ency., 77, 142-3, 130; 13 L. R. A., 374; 1 Shear. & Red. on Neg., sec. 195; 83 Md., 257; 101 N. Y., 520; 3 Am. R., 143.

*Messrs. Buchanan & Hanahan,* contra, cite: *Assumption of risks is for jury:* 55 S. C., 100; 32 S. C., 301; 42 S. C., 472; 60 S. C., 22; 68 S. C., 69. *If evidence of defendant make out case, nonsuit should not be granted:* 60 S. C., 567; 44 S. C., 554; 5 Rich., 546; 1 Hill, 382. *Duty of master in furnishing machinery and appliances:* 18 S. C., 270, 282; 32 S. C., 301; 38 S. C., 213; 34 S. C., 214; 60 S. C., 22; 51 S. C., 234; 38 S. C., 199; 42 S. C., 473. *Use by servant of appliances upon assurance of their safety is not contributory negligence in servant.* Cooley on Torts, 655-6; Bigelow on Torts, 98; Wood's Master and Servant, sec. 387; 20 Ency., 2 ed., 120, 132, 147; 17 Wall., 553; 60 S. C., 9; 68 S. C., 55; 67 S. C., 146; 60 S. C., 52.

July 5, 1905. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff recovered judgment for personal injuries received from the slipping of a guy wire on a derrick in charge of the plaintiff as an employee of the defendant, and used by him at the time in hoisting a heavy piece of timber. The lower end of the guy wire was made fast by passing it through a staple driven into a rock or tree, reversing it and clamping it to the body of the wire by clips or cleats. The plaintiff undertook to prove these cleats were of insufficient strength, and that the accident resulted from the wire slipping through them. The first question raised by the appeal is whether there was error in refusing to grant a motion for a nonsuit made on the grounds: (1) that there was a total failure of evidence to establish these essential facts; and (2) that even if the injury was due to defective cleats, the defects were known to plaintiff, who was in charge of the work, and he assumed the risk. The testimony on both sides was to the effeect that the accident was due either to the drawing of the staple or the slipping of the cleats. If nothing more had been proved, the plaintiff's case would have depended on the proposition that defect in machinery is to be presumed from the mere fact that it failed or broke in the use; and as this doctrine has been rejected in this State, a nonsuit would have been proper. *Gentry* v. *Ry. Co.,* 66 S. C., 256, 44 S. E., 728; *Edgens* v. *Gaffney Manufacturing Co.,* 69 S. C., 530. But the plaintiff testified the cleats "were not large enough, and they were home-made clips and were not safe, in my opinion;" and there was no evidence whatever of any defect in the staples. When it is proved an injury occurred from the failure of one or the other of two appliances, and one of them was known to be defective, ground is furnished for the jury to draw a reasonable inference that it was probably the defective appliance and not the other that failed and caused the accident. *Mahoney* v. *R. R. Co.,* 60 Hun., 586, affirmed in 30 N. E., 864 (N. Y.); *Bromley* v. *Birmingham M. R. Co.,* 11 South., 341 (Ala.).

It is true, plaintiff was in charge of all machinery of the company, but he was under the supervision of the superintendent, and could purchase supplies for the machinery department only through the superintendent, who was the representative of the company at the quarry.

There was evidence that when plaintiff complained to the superintendent of the defective cleats, he was assured they were safe and instructed to use them. It was a question for the jury to determine whether the plaintiff was negligent in using the cleats after receiving this assurance from his superior. *Mew* v. *Ry. Co.,* 55 S. C., 100, 32 S. E., 628. For these reasons it would have been error to grant the motion for nonsuit on either ground.

When the whole charge is considered, it will be found the jury were instructed the defendant was required to furnish only reasonably safe and suitable appliances; that it is not in general the duty of the servant to ascertain whether the appliances furnished by the master are safe and suitable, but that a servant could not recover for injuries resulting from defects, when it was the servant's own duty, under the terms of his employment, to supervise and keep the machinery and appliances in repair. That this is a correct statement of the law will not be doubted. It is true, the main charge and the various requests relating to the same subject were not given in strict connection, but this, however desirable, is not always attainable; the failure to analyze and connect the numerous requests of the opposing counsel on the same subject, and indicate in logical sequence how they modify each other, does not afford ground for reversal. The second, third, fourth, sixth and seventh exceptions are, therefore, overruled.

The defendant submits there was error in refusing to charge: "The master is not bound to change his machinery in order to apply every new invention or supposed improvement in appliances. He may even use a machine or appliance shown to be less safe than another in general use, without being liable to his servant for the use

of it." The jury had already been instructed: "The master is not bound to furnish his servant with machinery and appliances that are absolutely safe; nor is he required by law to furnish machinery or appliances of the latest or best pattern and design. The master's duty in law is fulfilled if he furnished such machinery and appliances to his servants as a reasonable and prudent person would ordinarily use under the same or similar circumstances." There was no error in failing to repeat the instruction in different words.

The most serious question arises under the charge as to contributory negligence. The plaintiff testified that it took from two to four cleats to hold each guy wire, and that he thought he had only two on when the accident happened. The witness, Beauchamp, foreman of the quarry, testified he had never seen a derrick put up with only two clips to each wire; that it was safer to use three clips and that he would never stop with less than that number. It will be seen, therefore, that the issue of contributory negligence was vital. On this subject the following instruction was given at defendant's request: "If the jury believe from the evidence that the plaintiff was in charge of the erection of the derrick on the day he was hurt, and if the jury further believe that sufficient clamps were not put on that wire to hold it, or that the clamps when put on the wire were not properly fastened and tightened, and that the neglect to properly attend to these matters, or either of them, in any degree contributed to or caused the accident to the plaintiff, then he cannot recover and your verdict will be for the defendant." The defendant could not have asked a more explicit statement of the law. After this, however, and near the conclusion of the charge, plaintiff's counsel arose and at his instance the following instruction was given: "If through the omission of the defendant to furnish reasonably safe machinery and appliances, the plaintiff was hurt, the company is liable unless he assumed the risk. Assumption of risk must be proved by the defendant. *Contributory negligence is not a defense to the master's duty*

*to furnish safe appliances."* The sentence we have italicized was directly contrary to the instruction before given as to contributory negligence, and in the circumstances it could hardly have failed to impress the jury as a change and correction of the previous instruction, taking from them the consideration of that defense. The proposition first charged was correct. *Darwin* v. *R. R. Co.,* 23 S. C., 531; *Bodie* v. *Ry. Co.,* 61 S. C., 484, 39 S. E., 715.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and the cause be remanded for a new trial.