6604

## GREEN v. CATAWBA POWER CO.

MASTER AND SERVANT—ISSUES.—Before master can escape liability for failure to provide a safe place to work he must show by express agreement or by implication, the servant had taken upon himself the duty of adjusting the proper appliances which he had furnished. Unless this is admitted by the servant, or the evidence admits of no other inference, the issue is for the jury.

Before PRINCE, J., York, November Term, 1906. Affirmed.

Action by Ben Green against Catawba Power Co. From judgment for plaintiff, defendant appeals.

*Messrs. Wilson & Wilson* and *Russell G. Lucas,* for appellant, cite: *Adaptation of implements to the work in hand is duty of the servant.* 20 Ency., 87; 2 Labatt on M. & S., sec. 832; 4 Thomp. on Neg., 4004; Bail. on Per. Inj., M. & S., sec. 1605; Wood on M. & S., sec. 346; 10 N. E., 314; 160 Mass., 152; 47 N. Y. Supp., 630. *Adjustment setting up and guying the jim-pole was a duty resting on plaintiff and those using the pole:* 1 Shear. & Red. Neg., sec. 195; 20 Ency., 82; 21 N. W., 269; 104 Fed. R., 955; Labatt on M. & S., secs. 612-3; 4 Thomp. on Neg., sec. 4028; Bail. Per. Inj., M. & S., secs. 23, 26, 27; 29 N. E., 510; 24 S. W., 244; 73 N. E., 188; 20 N. E., 183; 23 N. W., 666; 25 Hun., 163; 38 At. R., 359. *Defendant is not liable for injury caused by unskillful use of apparatus:* 20 Ency., 78; 4 Thomp. Neg., secs. 4001, 4852; Lab. on M. & S., sec. 604; 38 At., 677; 73 Fed. R., 970; 37 N. E., 450; 90 N. W., 291; 73 N. E., 188; 57 N. Y. Supp., 755; 30 N. Y. Supp., 530; 42 N. Y. Supp., 343; 72 Fed. R., 250; 134 Mass., 563; 2 A. & E. Anno. Cas., 905. *Plaintiff assumed the plain and obvious risk:* 72 S. C., 237, 264, 346; 74 S. C., 419; 70 S. C., 470; 55 S. C., 483; 27 S. C., 71; 21 S. C., 547. *Plaintiff's inexperience was not the cause of the injury and there was no duty to warn:* 4 Thomp. on Neg., sec. 4082; 36 Atl., 1104; 113 N. Y., 540; 57 Minn., 52; Bail. Per. Inj., M. & S., secs. 2707, 2708, 2718.

*Messrs. Green & Hines* and *McDow,* contra. The former cite: *Ground of nonsuit not made below will not be considered on appeal:* 72 S. C., 237; 67 S. C., 548, 122. *Assumption of risk is for jury:* 55 S. C., 101; 52 S. C., 443; 66 S. C., 488. *So is issue of contributory negligence:* 25 S. C., 128; 72 S. C., 137, 389; 70 S. C., 242; 14 Ency., 868. *Duty of master to furnish safe appliances is not relieved by fellow-servant furnishing defective appliance:* 69 S. C., 101; 178 Mass., 485; 99 Cal., 33; 114 Cal., 175; 9 App. D. C., 341; 48 Kan., 120; 139 Ind., 411; 150 Mass., 190; 70 Cal., 261; 4 P., 220; 69 S. C., 392; 23 S. C., 528. *Foreman and*

*plaintiff were not fellow-servants:* 25 S. C., 446; 22 S. C., 557; 37 S. C., 42; 18 S. C., 262, 282; 23 S. C., 528; 69 S. C., 392. *Whether they were fellow-servants was for jury:* 66 S. C., 485, 526.

July 25, 1907.  The opinion of the Court was delivered by

MR. JUSTICE GARY.  This is an action for damages alleged to have been sustained by plaintiff, in consequence of the falling of a battle-post which he was assisting to raise and place in position, as a part of the bench of a bridge, by means of a jim-pole.

The acts of negligence specified in the complaint are: (1) That the defendant failed to brace properly the bottom of the jim-pole, or otherwise fix it securely; (2) That it failed to warn plaintiff of the extra hazard by reason of the erection of the jim-pole in an unsafe manner; (3) That it caused the block and tackle to be fastened by a chain to the bottom of the jim-pole, instead of fastening it to a secure object; and (4) That it failed properly to inspect the jim-pole and superintend its erection.

The defendant denied the allegations of negligence, and set up the defenses of contributory negligence and assumption of risk.

At the close of the plaintiff's testimony the defendant made a motion for a nonsuit on the following grounds:

First. "That the evidence fails to show any negligence on the part of the defendant company, causing or being the proximate cause of the injury to the plaintiff.

Second. "Upon the ground that the evidence shows that if the plaintiff's injury was due to negligence, it was the negligence of a fellow-servant or fellow-servants." The motion was refused.

The jury rendered a verdict in favor of the plaintiff, and the defendant appealed.

The first and second exceptions are as follows: "Because his Honor erred in refusing the defendant's motion for a

nonsuit on the ground that the evidence failed to show any negligence on the part of the defendant causing, or being the proximate cause, of the injury to the plaintiff, the error consisting in his not finding that the injury to the plaintiff was caused by the falling of a battle-post which was being raised by a jim-pole, to which was attached ropes and blocks and tackle, and that the fall of such battle-post was due to the failure of Roseman (the foreman), or other members of the gang at work, to secure, guy or fasten the bottom of said jim-pole, or to adjust said ropes, blocks and tackle, and that the duty to so secure, guy and fasten such jim-pole, and to properly arrange, attach and adjust the said ropes, blocks and tackle was a duty resting upon the servants of the defendant who were working with the same, and was a mere detail incident to the work, and was not a part of any duty that the defendant owed to the plaintiff ,and that, consequently, there was no such breach of any duty owed plaintiff by the defendant, and no negligence was shown on the part of the defendant.

2. "Because his Honor erred in refusing defendant's motion for nonsuit on the ground that the testimony showed that the plaintiff sustained his injury through the negligence of his fellow-servant, his error consisting in not finding that the testimony showed that Roseman was the fellow-servant of the plaintiff at the time of the acts causing the injury to plaintiff."

The third exception is substantially the same as the second. These exceptions will be considered together.

The first point which the appellant's attorneys make in their argument is as follows: "Defendant furnished a sufficient supply of safe and suitable appliances. The negligence, if any, was in the adjustment, setting up and adaptation of the appliances to the work in hand. It is well settled that the adjustment and adaptation of implements to the work in hand, according to its various needs, is the duty of a servant and not of the master, and negligence on defendant's part cannot be predicated upon the failure to use due

care in that regard." They cited numerous authorities which amply sustain said proposition, *provided, it appears either from the express language of the contract entered into between the master and servant, or by implication, that the servant agreed to adjust the appliances as the occasion required, during the progress of the work,* or no other inference could be drawn from the evidence.

Unless this fact is admitted, the Court cannot say, as matter of law, that the servant undertook to discharge this duty, and must submit the question to the jury.

In 2 Labatt on Master & Servant, section 615, the rule is thus stated: "The limits of a master's liability for an injury caused by a scaffold, or other appliance constructed or adjusted as a part of the work, are determined upon the hypothesis that it is his duty, in the alternative, 'to furnish either a suitable platform or scaffold for doing the work that the plaintiff and his employees were required to do, or proper and suitable materials for the construction of such a platform.' Under the general principle stated in No. 594, *supra,* the question whether the one or the other of these duties was chargeable to the master is primarily one for the jury, under proper instructions * * *.

"The starting point of one of these lines of investigation may be said to be in the question whether the construction or adjustment of the defective instrumentality was a function which the master was justified in leaving to the servants themselves. * * *

"The virtual effect of the authorities is that, whenever the defective scaffold or other appliance was essentially one of a temporary character, constructed or adjusted with a view to some particular piece of work, the master cannot be held negligent, merely for the reason that he left such construction or adjustment to the servants themselves. Accordingly, whenever the instrumentality is one of this character, the burden of proof lies on the servant to overcome the presumption of non-culpability by adducing some positive evidence from which an obligation on the master's part to furnish

such instrumentality in a completed state is reasonably infer-
able.   On the other hand, it is also clear, both upon principle
and authority, that the fact of an appliance being ordinarily
prepared by the plaintiff's fellow-servants is not necessarily
a bar to the action.   Since the duty to furnish safe appli-
ances rests upon the master, he must discharge his duty in
the premises.   *   *   *

"The essential question to be determined, if we choose the
alternative line of investigation, is whether the master, as a
matter of fact, assumed to furnish the scaffold or other
instrumentality in a completed form, or merely furnished the
materials and left them to be used by the servants them-
selves.   Clearly, if such assumption is established, the mas-
ter will be liable, as for negligence, even if the circumstances
were such that he would have been justified in leaving the
servants to prepare the defective instrumentality themselves.

"The case is for the jury where the evidence is conflicting,
or reasonably consistent either with the hypothesis that the
defective appliance was constructed by the fellow-servant of
the injured person out of the materials furnished by the mas-
ter, or with the hypothesis that it was constructed under the
direction of the defendant or his representative."

In a note to that section, on page 1784, we find the follow-
ing : "*Donnelly* v. *Booth Bros. & H. I. Granite Co.* (1897),
90 Me., 110, 37 Alt., 874 (negligence here was in the erec-
tion and support of a run for large stones, and in the selec-
tion of the gear), citing *Akerson* v. *Dennison* (1875), 117
Mass., 407, where the general rule was laid down as follows :
'When the preparation of the appliances is neither intrusted
to nor assumed by them, the master may be held guilty of
negligence if defective appliances are furnished, even though
the workmen themselves are employed in the preparation of
them.   In such case, negligence appearing, it is a question
of fact for the jury whether that negligence was in respect
of what was done or undertaken by the fellow-workman, or
was the negligence of the master.' "

In the case of *Charping* v. *Toxaway Mills,* 70 S. C., 470, the facts were that the plaintiff was standing on a scaffold, which is a temporary structure, working for defendant as a carpenter. The cross-beam of the scaffold broke, and the plaintiff was thrown to the ground and injured. The basis of the action for damages was the alleged failure of the defendant to provide the plaintiff, his employee, a safe place to work. The Court said, at page 476 : "There is no doubt that the master is liable when injury comes to a servant from being put in a place or furnished with appliances which the master, by the use of reasonable diligence, ought to have known to be unsafe, as well as when he had actual knowledge of the defects."

There was testimony sustaining the following allegations of the complaint: That on the 8th of February, 1904, the defendant was engaged in the construction of a public road and bridge, over the creek therein mentioned; That on the said day the plaintiff was employed by defendant as a common laborer and as such was engaged with a grading gang, which was constructing a roadway, approaching a point where the bridge was being constructed; That James Roseman the foreman in charge of defendant's works, was engaged in erecting the benches for the bridge; That James Roseman while superintending the erection of one of the benches, summoned the plaintiff from the work of grading the road and ordered him to assist in the erection of the bench, known as a battle-post, which plaintiff at once proceeded to do, as his duty to defendant required.

If Roseman, the foreman, alone had been entrusted with the duty of adjusting the jim-pole, as became necessary in the erection of the bridge, and through a defective adjustment the place where he worked was rendered unsafe, in consequence of which he was injured, he would not have been entitled to damages. *Keys* v. *Granite Co.,* 72 S. C., 97, 51 S. E., 549. The same principle would apply where other servants also agree to arrange the appliances so as to form a completed machine, although it might render the

place where they worked unsafe by reason of the negligent manner in which the appliances were adjusted. The reason is that the injury would be attributable to the misconduct of the fellow-servant.

But before the master can escape liability for failing to provide a safe place to work, he must show that the servant had taken upon himself the duty of adjusting the appliances (in which case the principle for which the appellant's attorneys contend would apply). This may be shown by express agreement or by implication, and unless admitted, presents a question of fact to be determined by the jury. In the present case it does not appear from the testimony that the plaintiff even had any knowledge that he was supposed to have undertaken to adjust the appliances and it cannot be said, as a matter of law, that he entered into such an agreement.

The fourth exception assigns error in refusing the motion for a nonsuit on the ground that the testimony showed that the plaintiff assumed the risk in consequence of which he was injured. Rule XVIII of the Circuit Court is as follows: "A motion for a nonsuit must be reduced to writing by the moving counsel, or by the stenographer, under the direction of the Court, stating the grounds of the motion." The intention of the rule is that the grounds be stated specifically.

It will be seen by reference to the grounds of the motion for nonsuit that this ground was not relied upon. But, waiving this objection, the testimony alone of James Roseman, a witness for the appellant, is sufficient to show that this exception should be overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.