## 7765

## GOODMAN v. WESTERN UNION TEL. CO.

TELERGAPH COMPANIES—MASTER AND SERVANT—ASSUMPTION OF RISKS.—
A lineman employed by a superintendent and put under a foreman, who employs and discharges servants, cannot recover of the master for an injury caused by the negligence of the foreman while discharging the duties of a fellow servant as foreman.

Before SHIPP, J., Laurens, Fall term, 1910. Affirmed.

Action by S. B. Goodman against Western Union Telegraph Company. Plaintiff appeals from order of nonsuit.

*Messrs. Simpson, Cooper & Babb,* for appellant, cite: *Contributory negligence is for the jury:* 82 S. C. 363.

*Messrs. Geo. H. Fearons, John Gary Evans* and *Ferguson & Featherstone,* contra. *Mr. Evans* cites: *The act was that of a fellow servant and plaintiff cannot recover:* 71 S. C. 54; 77 S. C. 334; 70 S. C. 95; 72 S. C. 237; 54 L. R. A. 41; 82 S. C. 360. *Plaintiff contributed to his injury and cannot recover:* 138 Fed. 728; 54 S. E. 110; 38 S. E. 350; 36 S. E. 926; 77 S. C. 334; 64 S. C. 215; 55 S. C. 488.

January 30, 1911. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages, alleged to have been sustained by the plaintiff through the negligence of the defendant.

The allegations of the complaint, material to the questions under consideration, are as follows:

"That the plaintiff was on the 30th day of November, 1905, in the employ of the defendant, engaged in the work of erecting a telegraph line, and was assisting in stringing a wire of the defendant, on poles which had been erected for that purpose; and, under the orders and instructions of the defendant, the plaintiff was required to climb the poles, and to place the wire in line, and tie the same to the bracket on the pole; and after the wire had been tied, it was to be drawn tight by the agent, employee and representative of the defendant, known as the block puller, but the said representative of the defendant was not to pull and draw tight the said wire until this plaintiff had notified the block puller, the representative of the defendant as aforesaid, that he was ready to have the wire tightened; but the defendant, not having proper regard for the safety of the plaintiff, on the

said 30th day of November, 1905, and while the said plaintiff was in the discharge of his duties, and was on the pole of the defendant, placing the wire in proper line and preparing to tie the same to the bracket on said pole, and without waiting for any notice from the plaintiff, to pull said wire, by its agent and representative negligently, and carelessly, violently and forcibly, and unexpectedly to ' this plaintiff, pulled the wire that this plaintiff had hold of, as his duties required him to have, and thereby carelessly and negligently jerked the plaintiff from the top of the pole to the ground, a distance of some twenty-five or thirty feet," * * *

The defendant denied the allegations of negligence, and set up the defenses of contributory negligence, and assumption of risk.

At the close of the plaintiff's testimony the defendant's attorneys made a motion for a nonsuit, which was granted, on two grounds: (1) Because the testimony showed, that the injury was sustained through the negligence of a fellow servant; and (2) because the testimony showed, that the plaintiff was guilty of contributory negligence.

The first question that will be considered is, whether there was error on the part of his Honor, the presiding Judge, in ruling that the injury was caused by the negligence of a fellow servant.

S. B. Goodman, the plaintiff, testified as follows:

"Where were you working in November, 1905? I was working for the Western Union Telegraph Company, helping them to string wire from Savannah to Macon, Georgia. In what capacity were you working? Lineman. You were a lineman? Yes, sir. Did you have other linemen? Yes, sir. How many others? There were three of us. Three other linemen? Yes, sir. What other laborers, if any, did you have? We had the ground men—those that worked on the ground. What did they do? Some of them—one of them pulled the block, and the other carried

the wire—reeled it off the reel.    Who was in charge of the work?    Mr. C. F. Melton.    Who employed you to do that work?    I was working under Mr. Melton; he was the fore-man.    Who employed you?    Mr. Neel, superintendent in Atlanta.    And you were put under Mr. Melton?    Yes, sir; he sent me to Mr. Melton.    Did Mr. Melton or not employ any hands?    Yes, sir.    Did he or not discharge them? Yes, sir.    He employed and discharged laborers?    Yes, sir.    Under whose instructions did you work?    Mr. Mel-ton's.    Who gave the orders for the work that you did? Mr. Melton.    He was present?    Yes, sir.    How long had you been working under Mr. Melton?    Just a few days over a month."

In the case of *Brabham* v. *Tel. Co.*, 71 S. C. 53, 50 S. E. 716, it was held (1) that "a foreman of a gang of men, employed by a telegraph company, to clear its right of way, is a fellow servant with the men under him, subject to his orders; and the telegraph company is not liable for injury, to one of the men, by reason of obeying the orders of the foreman, if he has been selected with due care."    See, also, *Berley* v. *Tel. Co.*, 82 S. C. 360, 64 S. E. 157.

These authorities are conclusive of this question, unless the fact that Melton, the foreman, employed and discharged hands, takes the case out of the rule just stated.

In 26 Cyc. 1364-5, the principle is thus stated: "The act must be that of a superintendent 'exercising superintend-ence.'    In other words, when the negligence of a superin-tendent is relied upon, the negligence complained of must occur, not only during the superintendence, but substanti-ally in the exercise of it.    An act may be one of superin-tendence, where it relates to the furnishing of a safe place to work, or safe appliances, or to the keeping of them in a safe condition.    On the other hand, the act is not one of super-intendence where, at the time and in doing the act com-plained of, he is engaged in mere manual labor, which is the duty of a common workman.    But it is held, that he is

engaged in an act of superintendence, although he is, at the time of the injury, performing an act of manual labor, where it is done pursuant to directing the work, and in furtherance thereof."

This language is quoted with approval in the case of *Rippy* v. *Ry.*, 80 S. C. 539, 61 S. E. 976.

At the time of the injury the duties of Melton were in no way connected with the employment and discharging of servants, but he was merely discharging the duties of a fellow servant, as foreman of the gang.

Having reached this conclusion, contributory negligence is no longer a practical question.

Judgment affirmed.