8178

JONES v. POSTAL TELEGRAPH CABLE CO.

I. Removal of Causes—Joint Torts.—Refusal to remove case into Federal Court on ground of diverse citizenship and because the complaint does not allege a joint liability sustained, for the reason that the affidavits show the family of one of the defendants resides in this State, and his business is entirely within the State, and the failure of an inspector of telegraph poles to detect and remove a defective pole makes a joint tort between the inspector and the telegraph

company for. an injury caused · to an employee by reason of the defective pole.

2. JURISDICTION—WAIVER.—Where two defendants, one a foreign corporation and the other an individual, resident of another county than the one in which the suit is brought, answer the complaint on the merits without reservation, they waive the objection to the jurisdiction of the person.

3. ASSUMPTION OF RISKS—ISSUES.—WHERE A TELEGRAPH COMPANY has two systems of pole inspection—one by a gang with full equipments to fully test—the other by rule requiring the employee to test before climbing—whether the lineman assumed the entire risk in climbing a pole apparently safe after inspection is a question that depends on the rules and practices of the master and the circumstances of each case, and is usually for the jury.

4. TELEGRAPH COMPANIES—LINEMAN—CONTRIBUTORY NEGLIGENCE.—In view of all the evidence in this case the Court cannot say as matter of law that the lineman was guilty of contributory negligence in climbing a defective pole.

Before PRINCE, J., Aiken, April, 1911. Affirmed.

Action by Joseph A. Jones against Postal Telegraph-Cable Company and M. A. Ray. Defendants appeal.

*Messrs. C. E. Dunbar* and *J. B. Salley,* for appellants, cite: *Did the Aiken Common Pleas have jurisdiction:* 25 S. C. 385; 28 S. C. 313; 22 S. C. 276; 87 S. C. 101; 23 Cyc. 683, 697; 87 S. C. 322; 74 S. C. 441; 28 S. C. 315. *Was the case removable:* 84 S. C. 546; 77 S. C. 103; 73 S. C. 176; 115 Ga. 1022; 160 U. S. 583; 111 U. S. 637; 107 Fed. R. 762; 160 U. S. 556; 79 S. C. 204; 147 Fed. 87; 143 Fed. 75; 150 Fed. 805; 174 Fed. R. 709; 204 U. S 176; 200 U. S. 206; 215 U. S. 308. *No cause of action stated against Ray:* 4 Fed. Stat. Ann. 312; 34 Cyc. 1256; 125 Fed. 958; 151 Fed. 896; 174 Fed. 170; 98 Fed. 2; 144 U. S. 533; 103 Fed. R. 515; 186 Fed. R. 541; 151 Fed. R. 914; 167 Fed. R. 680; 182 Fed. R. 276; 71 S. C. 57; 84 S. C. 550. *No allegation of joint and concurrent negligence:* 177 Fed. R. 572; 115 Ga. 1022; 190 U. S. 428; 179 Fed. 413; 124 Fed.

983; 72 Fed. 637; 65 S. C. 333, 342; 68 S. C. 60; 69 S. C. 4; 72 S. C. 465; 73 S. C. 175; 75 S. C. 293; 76 S. C. 5; 84 S. C. 547. *Safe place is only separable controversy alleged:* 177 Fed. R. 572; 103 Fed. R. 513; 168 Fed. R. 1002; 182 Fed. R. 276. *No proof of negligence:* 26 Cyc. 1136-42; 72 S. C. 101; 75 S. C. 103. *Plaintiff is guilty of contributory negligence:* 77 S. C. 328; 56 S. C. 95; 71 S. C. 53; 82 S. C. 363; 87 S. C. 449. *Plaintiff should have kept pole safe:* 8 Am. Elec. Cas. 751; 72 S. C. 102; 77 S. C. 432; 26 Cyc. 1252-4. *Plaintiff performed his work in obviously dangerous way:* 86 S. C. 69; 4 St. Ry. R. 517; 89 S. C. 505. *He violated defendant's rules:* 85 S. C. 471; 82 S. C. 548. *He assumed risk of defective pole:* Jones on Tel., sec. 198; 70 A. S. R. 245; 61 A. S. R. 62; 8 Am. Elec. Cas. 749, 787; 131 Fed. R. 844; 4 Am. Elec. Cas. 402; 15 A. & E. Ann. Cas. 599; 116 N. W. 983; 82 S. C. 360; 211 U. S. 459. *Judge should construe the rules:* 69 S. C. 22; 66 S. C. 22. *Plaintiff assumed the risk with notice:* 131 Fed. R. 844; 70 S. C. 250; 61 S. C. 477; 80 S. C. 238; 87 S. C. 213; 86 S. C. 235; 88 S. C. 235; 211 U. S. 459. *Court should not charge a man will live a certain number of years:* 87 S. C. 330; 62 S. C. 336; 78 S. C. 364; 87 S. C. 330.

*Messrs. Hendersons,* contra, cite: *Petition for removal not in time:* 30 Fed. R. 881; First Dest. Fed. Prac., secs. 108, 532; 151 U. S. 687; 138 U. S. 298; 113 U. S. 84; 111 U. S. 770; 117 U. S. 365. *Suit properly laid in Aiken:* 179 U. S. 135; 73 S. C. 173; 72 S. C. 465; 87 S. C. 546; 200 U. S. 206; 194 U. S. 136; 215 U. S. 308; 220 U. S. 426. *Jury should say if gang should inspect:* Joyce on Elec. L., sec. 657; 21 L. R. A. (N. S.) 775; 167 N. Y. 208; 114 Fed. 282; 128 Fed. 272; 73 Mich. 268; 60 N. J. L. 306; 178 N. Y. 588; 22 R. I. 131; 82 S. C. 382. *Charge as to mortuary tables:* 330. *Contributory negligence:* 56 S. C. 95.

April 9, 1912. The opinion of the Court was delivered by

Mr. Justice Woods. The main questions involved in this appeal from a judgment for damages for personal injuries, are: (1) Were the defendants entitled to an order from the Circuit Judge for the removal of the cause to the Circuit Court of the United States? (2) Was the Circuit Court without jurisdiction to hear the action against the defendant, Postal Telegraph Company, because it was a foreign corporation? (3) Should a nonsuit have been ordered on the ground that the plaintiff had undertaken the duty of inspecting the defective pole, by the fall of which he was injured, and, therefore, was himself responsible for the failure to discover and remedy the defect, or on the ground that the evidence showed beyond dispute that he was guilty of contributory negligence in ascending a pole manifestly unsafe?

The plaintiff thus sets out in the second and third paragraphs of his complaint the delicts of the defendant and the manner in which he was injured thereby: "That at the times hereinafter mentioned, and especially during the year 1904, and in the spring of said year, the defendant, M. A. Ray, was in the employment of the said Postal Telegraph-Cable Company, as an inspector of the line generally of said company between the city of Augusta, Georgia, and the city of Charleston, South Carolina, said line passing through the county of Aiken and following a general direction from Augusta, Georgia, to Charleston, South Carolina, along the Postal roads going by White Pond, in the county of Aiken, at the point hereinafter referred to, and that it was the habit and custom and practice of the said defendant company to use an inspector, such as the defendant, M. A. Ray, with a force of hands and implements used for the said purpose, to inspect the line of said telegraph company along the route as aforesaid, and that said M. A. Ray, as such inspector of said company, with a gang of hands, in the early part of the spring of 1904, inspected said lines, and had with him such implements and material whereby he could finally ascertain

whether a telegraph pole used for the purpose of suspending the wires used by said company, was sound and all right below the ground to any distance, but that said M. A. Ray, as inspector of said company for said purposes, notwithstanding he inspected said line, with said gang of hands, and could have ascertained whether anything was the matter with the telegraph pole of said defendant company, hereinafter referred to, negligently failed to inspect the same and to ascertain whether it was rotten below the surface of the ground.

"That the plaintiff herein, Joseph A. Jones, some time previous to the 14th day of June, 1904, was employed by the defendant company as a workman, and that on said day he was employed by said company to go along the line of poles and wire of said company in the county of Aiken, and State aforesaid, by himself, with a vehicle solely in his charge, and with such implements as he had to find out if anything was wrong in said line and to repair the same. That he proceeded in the performance of his work, and that when he reached a point at a pole of said company situate about a mile and a half west of White Pond, on the Southern Railway, he noticed that there was a joint of wire that had to be straightened out and changed, and for said purpose he had to mount said pole, and that with such instruments as he had and which were furnished him by the defendant company, he ascended said pole and attended to his business in connection with the wire, and as he was descending the pole the same fell to the ground and his leg was caught under said pole and broken above the knee in three places, and his hip joint was dislocated and he was wounded and bruised in other parts of his body. That said pole fell because it was rotten below the ground and unfit for a lineman to climb up upon. That deponent used every care and caution he could in testing said pole with his pike and otherwise, and noticed nothing whatsoever as to any defects therein; whereas, the inspection of the pole afterwards showed that it had been

rotten down in the ground for a long time, which defect could have been ascertained by the inspector, Mr. Ray, and his gang of hands, who passed over the road in their capacity representing the defendant company not very long before the time of the injury to this plaintiff; and this plaintiff alleges and charges that the cause of his injury was the negligence of the defendant company and the negligence of its inspector, M. A. Ray, in not ascertaining that said pole was rotten so that it was a menace to life and limb, and in not having the same removed and a new pole replaced, or old pole reset."

Judge Sease refused a motion for the removal of the cause to the Circuit Court of the United States, made on the averment, supported by affidavits, that the defendant, Postal Telegraph Company, was a foreign corporation, that the defendant, Ray, was not a resident of this State, but of the State of North Carolina, and that even if Ray should be held to be a resident of this State, the complaint alleged no joint liability of the two defendants to the plaintiff. Counsel stipulated that the appeal from the order of Judge Sease should be heard along with any appeal that might be taken on the merits after trial of the cause. The record contains an order of Judge Brawley, United States District Judge, remanding the cause from the Circuit Court of the United States to the Court of Common Pleas for Aiken county. Passing by the point that there was a failure to make the motion for removal within the time prescribed by the Federal Statute, and the effect to be given to Judge Brawley's order, and considering the application for removal on its merits, we think the defendants failed to show grounds for removal.

The effort to prove that Ray was a nonresident failed, for it appears from the affidavits that his family residence was in the city of Florence, and that his business was entirely in this State.

The position that the complaint does not allege a joint liability of the Postal Telegraph Company and Ray is also untenable. The allegation is that the Postal Telegraph Company failed in its duty to the plaintiff in allowing a defective pole to remain on its line, which plaintiff's duty required him to climb, and that this failure to supply a safe place to work was due to the joint delict of the telegraph company and Ray in failing to make a reasonably careful inspection of the pole. The telegraph company, it is true, could not delegate its duty of supplying a reasonably safe place to work to its employee, Ray, so as to relieve itself of that duty; but it does not follow that Ray was not individually liable for injury resulting to his fellow servant from any failure on his part to make a reasonably careful inspection. The telegraph company owed the duty to the plaintiff to use reasonable care in inspecting its poles, so as to supply its servants with a safe place to work, and the defendant, Ray, owed his fellow servants the duty of protecting them from injury by making a reasonably careful inspection. The failure to make a reasonably careful inspection would be, therefore, a breach of duty of both defendants for which they would be jointly liable. *Able* v. *Southern Ry.*, 73 S. C. 173, 52 S. E. 962; *Barber* v. *Southern Ry.*, 76 S. C. 4, 56 S. E. 540; *Garter* v. *Atlantic C. L. Ry.*, 84 S. C. 546, 66 S. E. 997; *Chesapeake etc. Ry.* v. *Dixon*, 179 U. S. 131, 45 L. Ed. 123; *Thompson* v. *Ala. G. S. Railway Co.*, 200 U. S. 206, 50 L. Ed. 441; *Ill. Cen. Ry.* v. *Shoegog*, 215 U. S. 308, 54 L. Ed. 208; *Chicago Ry. Co.* v. *Willard*, 220 U. S. 426, 55 L. Ed. 521.

There is no foundation for the position that the Court of Common Pleas for Aiken county had no jurisdiction to try the action because the defendant, Postal Telegraph Company, was a foreign corporation and the defendant, Ray, was a resident of Florence county. Both the defendants appeared generally and answered on the merits, without reservation, in the suit brought in Aiken

county, and made no motion to transfer the cause to Florence county. Thus they waived objection to the jurisdiction of the Court of Common Pleas for Aiken county. *Jenkins* v. *Atlantic C. L. Ry. Co.,* 84 S. C. 343, 66 S. E. 409.

On the merits of the case the defendants by a number of exceptions bring up the question in different forms that the Circuit Judge should have granted a nonsuit, or should have charged the jury that the plaintiff could not recover, (1) because he had assumed the duty of inspecting the pole, and, therefore, could not complain of an injury caused by a defect which he should have discovered; (2) because, even if the defendant was negligent, the evidence showed beyond dispute that the plaintiff was guilty of contributory negligence. If the evidence had admitted of no other inference than that the plaintiff had assumed the entire responsibility of inspection and had suffered injury from his own delict in failing to discover the defect, then he could not recover. *Keys* v. *Winnsboro Granite Co.,* 72 S. C. 97, 51 S. E. 549; *Green* v. *Catawba Power Co.,* 77 S. C. 426, 58 S. E. 147; *Quick* v. *Millfort Mill Co.,* 78 S. C. 472. This rule has been applied in discussing the duties of linemen of telegraph poles in *McGuire* v. *Bell Tel. Co.,* 167 N. Y. 208, 60 N. E. 433, 52 L. R. A. 437; *Britton* v. *Central etc. Tel. Co.,* 131 Fed. 844; *McIsaac* v. *Northampton E. S. Co.,* 172 Mass. 89, 51 N. E. 524; *Lynch* v. *Traction Co.,* 153 Mich., 174, 116 N. W. 983, 21 L. R. A. 775, and note, and other cases. But it is manifest that the inflexible rule can not be laid down that in all cases linemen are charged with the entire responsibility for due inspection of poles before going upon them, for the responsibility would depend on the rules and practice of the companies which they serve, the knowledge of the linemen of such rules and practice, the experience of the linemen, and perhaps other circumstances. So in *Berley* v. *Western U. Tel. Co.,* 82 S. C. 360, 64 S. E. 157, it was held that the evidence made a question for the jury to decide whether the lineman knew or should have

known of the rule forbidding him to climb a pole without inspection, and whether he was negligent in not making such an examination as would have discovered the defect.

The evidence in this case shows that on the line between Augusta. Georgia, and Charleston, South Carolina, the defendant company had two systems of inspection and repair. The defendant, M. A. Ray, as foreman, with a force of men equipped with all necessary implements, was charged with the duty of traveling along the line and discovering and repairing all defects in poles and wires so as to keep the line safe and efficient. The second method or system was that in which the plaintiff was employed. He was required to go along the lines alone in a conveyance, and his duty, as he describes it, was that of "keeping up the lines, clearing away the undergrowth, replacing bad joints, or any other work I could do on the lines." A rule of the company contained this admonition: "Linemen are especially cautioned : to ascertain before climbing a pole, whether it is safe, by inspecting its condition (both above and below the ground) and its guying and bracing." This evidence admits of no other inference than that the plaintiff had assumed such duties in keeping the line in repair that he was bound to use reasonable care in examining a pole before ascending it. He thus describes his precautions and the work he undertook to do: "I tied my team by the road and I got out and taken my pike pole and tested a pole on the corner, which was leaning towards the woods. Wires on that pole were very slack. I dug around the pole with a shovel and examined it as best I could without digging it entirely up. I dug about a foot and a half from the top of the ground. I went down about a foot and a half below the solid ground and I tried to break it, then I tried to cut into it with a shovel and it seemed to be perfectly sound.

"How did you test it with your pike? Sticking the pike in the pole and tried to break it with my strength, and then I tested it with a shovel. I put in an anchor on the road-

side, in order to make sure—the wires on each side of the
pole had some bad joints in them. There was two. In
order to take out the joints and put in a good piece of wire,
I let the wires down off the pole to the ground with a grab
line, that is a rope. After the wires were let down I started
to come down."

Although it turned out that the pole fell as the plaintiff
began his descent, and that it was very old, and a mere shell,
yet in the face of this evidence the Court could not say that
the evidence left no doubt that the plaintiff had not
used due care in making his inspection, and that,
therefore, even if the negligence of the defendant be
assumed, he was guilty of contributory negligence. It is
true that the pole was leaning, and that the plaintiff ought
to have known that the weight of a man on such a pole
would subject it to a great strain; but in view of this evi-
dence as to the tests he made of its strength and condition,
the Court cannot say that the entire evidence admitted of no
other inference than that the bad condition or insecurity of
the pole was so obvious that the plaintiff was guilty of con-
tributory negligence in ascending it.

Nor can it be said that the plaintiff assumed the entire
risk of the sufficiency of the inspection, when he was not
charged with the entire responsibility of keeping the poles
in repair. The contract of employment contemplated
that the plaintiff should take certain precautions for
his own safety, and the plaintiff assumed the risks of
any defects which he would have discovered by due care in
the examination which it was his duty to make; but the con-
tract of employment also contemplated that the defendant
should take certain precautions as a means of providing for
the safety of plaintiff's place of labor by the inspection and
work of Ray and his force; and the plaintiff did not assume
the risk of a lack of due care on the part of this independent
agency of the defendant. Ray testifying for the defendant,
admitted that if his force of linemen had not been negligent

in its inspection, the defect in this pole would have been discovered and remedied, and the accident prevented. It is, therefore, manifest that the evidence made an issue of fact whether the injury resulted from the failure of the plaintiff to perform the duty he had undertaken—the risk of the due performance of which he assumed—or from a failure of the defendants and their independent agents to perform the duty of inspection and repair they had assumed in order that plaintiff might have a safe place to work.

We shall not discuss in detail the numerous exceptions to the charge on the questions of contributory negligence and assumption of risk, since all of them obviously hinge on the law as we have endeavored to state it, and the charge of the Circuit Judge was in accordance with our view of the law.

The Circuit Judge charged the jury that they were to decide, as issues arising out of the evidence, whether the plaintiff had notice of the rule requiring linemen to examine poles before ascending them, and whether the plaintiff had assumed any duty of inspecting the poles as well as the wires. The defendant complains of this charge because the evidence admitted of no other inference than that the plaintiff did have notice of the rule, and that it was his duty to inspect the poles. Inasmuch as the plaintiff expressly admitted that he was familiar with the rule, and that it was his duty to inspect the pole before ascending it, and that he did inspect it, it is impossible that the jury could have found otherwise.

The other exceptions to the charge impute errors which reference to the context will show so clearly were not committed that particular discussion of them is not necessary.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

*Only* MESSRS. CHIEF JUSTICE GARY *and* JUSTICE HYDRICK *participate in this opinion and concur.*